Hayes' Administrator *v.* Matlock, Guardian of Sparks.

DECEDENTS' ESTATES.—ADVANCES TO DISTRIBUTEES.—The statute does not authorize the court to require an administrator to advance money to a distributee of the estate, except upon the execution of a bond, conditioned for refunding the money, if required for the payment of debts.

SAME.—PLEADINGS.—The statute does not contemplate formal pleadings in such case. The application is a summary one, to the discretion of the court, to be granted only in a clear case.

Hayes' Administrator *v.* Matlock, Guardian of Sparks,

SAME.—WHEN TO BE GRANTED.—Unless the assets of the estate exceed by one-third the known debts and legacies, the court ought not to require the administrator to pay the funds in advance to the distributees.

DESCENTS.—*Quære*, whether, where one dies intestate, leaving children surviving him, and also the descendants of deceased children, the latter can inherit, under section.2 of the statute of descents, unless the child of the intestate under whom they claim also died intestate.

APPEAL from the *Dearborn* Common Pleas.

FRAZER, J.—This was an application on behalf of *Sparks,* an infant, made by his guardian, to obtain an order of the court requiring the administrator of an estate, before final settlement thereof, to advance to *Sparks,* who claimed to be a distributee, a portion of his share for his support. The application was made by a written petition, alleging that *Sparks* was an infant, and a grandchild of the intestate's deceased daughter, whose mother was a grand-daughter of the intestate, the mother and grandmother of the infant both having died before the intestate, but it was not alleged that either of them had died intestate. A demurrer was overruled to the petition, and an order made directing the administrator to pay $200, but no bond was required, conditioned for refunding the money, if necessary for the purpose of paying the debts of the decedent, &c. The administrator appeals.

The action of the court below cannot be sustained. The statute confers no authority upon the court to require such payment, except upon the execution of a bond, with surety, conditioned as above, and on this ground alone the judgment must be reversed. 2 G. & H., § 120, p. 520. The requirement is necessary for the protection of creditors, legatees and distributees of the estate.

We do not think the statute contemplates formal pleadings in such a case, and we would not, therefore, reverse the case on account of the ruling upon the demurrer. The condition of the estate can generally be approximately ascertained by the court from the reports of the administrator, and such reports as are necessary to this end may be required by the

court when such an application as this is made. Unless the assets exceed by one-third the known debts and legacies, the court ought not, in the exercise of its discretion, to require the administrator to pay out the funds in advance to distributees. Why tax the estate with the costs and expenses which must result in ascertaining such facts by trial in the ordinary mode? Suppose the debts of the estate to be very numerous. Then numerous witnesses must testify to show their existence, and the validity of each may be contested by the applicant, who may produce a cloud of witnesses as to each fact thus involved in controversy. If pleadings are required, as in ordinary adversary proceedings, then the issues made thereby must be tried as ordinary issues of fact are tried. The legislature has not said so in terms, and we are not anxious to imply its equivalent. We think the application is a summary one, to the discretion of the court, to be granted only in a clear case.

A question is argued in the appellant's brief which will meet the court below again at the threshold, if the facts are fully stated in the petition, and if the law relating thereto be with the appellant, it ought to result in a refusal of the application.

It is contended that if the intestate left children surviving him, the descendants of such of his children as he survived can take no part of his estate unless such deceased children died intestate. This proposition is based upon the remarkable phraseology of one of the sections of the statute of descents, to-wit: "Sec. 2. If any children of such intestate shall have died intestate, leaving a child, or children, such child or children shall inherit the share which would have descended to the father or mother; and grandchildren, and more remote descendants, and all other relatives of the intestate, whether lineal or collateral, shall inherit by the same rule." If the question were free from difficulty, perhaps we would feel at liberty to intimate an opinion upon it. But we do not regard it as very clear, and besides, the appellee has not chosen to aid us by any argu-

ment upon the subject; and as we are not compelled to decide it in the state of the record before us, we forego, for the present, its consideration.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*D. S. Major,* for appellant.